UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Irvin Vernon Mason, #222300, ) | C/A No. 3:09-841-MBS-JRM |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | REPORT AND |
| ) | RECOMMENDATION |
| Jon Ozmit, Director; ) | |
| Willie Eagleton, Warden, ) | |
| ) | |
| Respondent. ) | |
| ) | |

The petitioner, Irvin Vernon Mason ("Petitioner"), proceeding *pro se*, files a petition for writ of habeas corpus.[1] Petitioner is an inmate at Evans Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. Petitioner habeas relief in the form of jail time credits that will reduce the length of his sentence. He contends that South Carolina placed a detainer against him while he was in a North Carolina jail, and he should receive pre-sentence jail time credit on his South Carolina sentence from the time the detainer was placed.

## REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in this case. The review was conducted pursuant to the procedural provisions of the Rules Governing Habeas Corpus Cases Under Section 2254 and the Anti-Terrorism and Effective Death Penalty Act of 1996. This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys,

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

*see Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). The requirement of liberal construction, however, does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, the petition submitted in this case is subject to summary dismissal.

## DISCUSSION

Petitioner files for habeas relief on a form used for federal prisoners seeking habeas relief under 28 U.S.C. § 2241. However, the issue of credit for pre-sentence jail time is actually a claim that the sentencing judge failed to correctly credit, when sentencing, time spent in jail prior to sentencing. To challenge a conviction or the sentence imposed, as Petitioner does in this case, a state prisoner must file for habeas relief under 28 U.S.C. § 2254.[2] The United States Supreme Court explains:

> Our system affords a defendant convicted in state court numerous opportunities to challenge the constitutionality of his conviction. He may raise constitutional claims on direct appeal, in postconviction proceedings available under state law, and in a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. [citations

---

[2] Even if the Petitioner could bring this action under 28 U.S.C. § 2241, it would be dismissed as un-exhausted. A writ of habeas corpus under 28 U.S.C. § 2241 can be sought only after the petitioner has exhausted his state court remedies. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-491 (1973)(exhaustion required under 28 U.S.C. § 2241); and *Moore v. De Young*, 515 F.2d 437, 442-443 (3rd Cir. 1975)(same). Petitioner filed a grievance within the prison system and appealed the denial of the grievance to the South Carolina Administrative Law Court (ALC), but did not appeal the ALC's denial pursuant to the South Carolina Administrative Procedures Act.

and footnote omitted]. These vehicles for review, however, are not available indefinitely and without limitation.

*Daniels v. United States*, 532 U.S. 374, 381 (2001).

In fact, Petitioner has previously presented the issue of jail time credit in a petition filed pursuant to 28 U.S.C. § 2254 in this Court.[3] *Mason v. Warden*, C/A No. 3:08-1851-MBS (D.S.C.). Petitioner's fourth ground for relief in his previous § 2254 petition states "Denied Credit for pretrial detainment/ Jail credit." *Id.* Petitioner's prior § 2254 action was dismissed with prejudice. *Id.* Petitioner is precluded from now bringing the same issue in a habeas action under 28 U.S.C. § 2241.

Additionally, the petition should be dismissed as successive. Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), "an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals." *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). The AEDPA amended 28 U.S.C. § 2244, which currently provides:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(B). Therefore, before this Court may consider a successive § 2254 petition, Petitioner must obtain pre-filing authorization from the United States Court of Appeals for the Fourth Circuit under 28 U.S.C. § 2244(b)(3). Petitioner did not obtain authorization from the Fourth Circuit Court of Appeals, so this Court does not have jurisdiction to consider the petition and the

---

[3] A district court may take judicial notice of materials in the court's own files from prior proceedings. *Fletcher v. Bryan*, 175 F2d 716 (4th Cir. 1949)*; Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) ("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.").

3

petition must be dismissed.

## RECOMMENDATION

Accordingly, it is recommended that the petition for a writ of habeas corpus be dismissed *without prejudice* and without requiring a response from the respondents.



Joseph R. McCrorey
United States Magistrate Judge

April 28, 2009
Columbia, South Carolina

**Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).