IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Irvin Vernon Mason, #222300, ) | |
| ) | C/A No. 3:09-841-MBS |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| Jon Ozmit, Director; ) | |
| Willie Eagleton, Warden, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner Irvin Vernon Mason is an inmate in custody of the South Carolina Department of Corrections. He currently is housed at Evans Correctional Institution in Bennettsville, South Carolina. On April 2, 2009, Petitioner, proceeding *pro se*, filed the within petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial handling. The Magistrate Judge reviewed the petition pursuant to the provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and applicable precedents. The Magistrate Judge filed a Report and Recommendation on April 28, 2009. The Magistrate Judge recommended that the petition be dismissed as successive because the petition constitutes Petitioner's second federal habeas corpus action, see Mason v. Warden, C/A No. 3:08-1851-MBS, and because Petitioner failed to obtain permission from the Court of Appeals for the Fourth Circuit to file a second or successive § 2254 petition, see 28 U.S.C. § 2244(b)(3). Petitioner filed an objection to the Report and Recommendation on May 15, 2009.

The Magistrate Judge makes only a recommendation to this court. The recommendation has

no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

In his objection, Petitioner argues that he did not receive the correct amount of credit for pre-sentence jail time served in North Carolina. Petitioner made this same argument in his previous § 2254 petition, filed on May 12, 2008. See Mason v. Warden, C/A No. 3:08-1851-MBS. This court dismissed that petition with prejudice on April 9, 2009. Id. Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals." In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). Thus, this court may not consider Petitioner's successive § 2254 petition for a writ of habeas corpus unless Petitioner obtains pre-filing authorization from the United States Court of Appeals for the Fourth Circuit pursuant to 28 U.S.C. § 2244(b)(3). The court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. The within § 2254 petition is dismissed without prejudice and without issuance and service of process upon Respondent.

**IT IS ORDERED**.

s/Margaret B. Seymour
United States District Judge

Columbia, South Carolina

October 28, 2009.